a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENDELL JOSEPH CHARGOIS-EL #497867, Petitioner | CIVIL DOCKET NO. 1:24-CV-01263 SEC P |
| VERSUS | JUDGE DRELL |
| JAMES M LEBLANC ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 6) filed by pro se Petitioner Kendell Joseph Chargois-El ("Chargois-El"). Chargois-El is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He challenges his conviction and the legality of his imprisonment.

Because Chargois-El's Petition is untimely and unexhausted, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Chargois-El alleges that he is a Moorish American who was convicted and sentenced to 40 years of imprisonment in the 24th Judicial District Court, Jefferson Parish. ECF No. 6 at 1. In 2021, Chargois-El filed various motions challenging his conviction, which were denied. ECF No. 6 at 4.

## II. Law and Analysis

### A. Chargois-El's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

### B. Chargois-El's Petition is untimely, and his claims are unexhausted.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

On October 26, 2015, Chargois-El was convicted pursuant to a guilty plea. ECF No. 6 at 1. He did not seek direct review, so his conviction became final 30 days later, on November 26, 2015. *See* La. C. Cr. P. art. 914. Chargois-El then had one year within which to file a § 2254 Petition. *See* 28 U.S.C. § 2244(d)(1)(A). His Petition was filed almost nine years later, on September 2024. ECF No. ECF No. 1.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). Chargois-El states that he sought collateral review in the trial court in 2021, but the one-year limitations period had already expired. ECF No. 3 at 6. Therefore, his Petition is untimely.

Furthermore, before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. at 29-32; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

Chargois-El allegedly presented some claims to the trial court. ECF No. 3 at 6. The published jurisprudence indicates that Chargois-El filed a writ application in the Louisiana Supreme Court, which was not considered because Chargois-El had not sought review in the appellate court. *See State v. Chargois*, 2022-00745, p. 1 (La. 7/22/22); 342 So.3d 880. Therefore, his claims are not properly exhausted.

C. Chargois-El's claims are meritless.

Chargois-El's Petition is based on his claim that he is a Moorish American, so the state has no authority to imprison him. ECF No. 1. "Moorish American" claims are based on theories that are "not credible." *Gooden-El v. Tarrant County, Texas*, No. 4:20-CV-116, 2021 WL 793758, at *1-2 (N.D. Tex. March 2, 2021) (citing *Bey v. State of Indiana*, 847 F.3d 559, 560-61 (7th Cir. 2017) (distinguishing tenants of the Moorish Science Temple of America from discredited theories asserted by so-called Moors associated with the sovereign-citizen movement)); *see also El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 539-51 (D.N.J. 2011) (declining to grant leave to proceed *in forma pauperis* in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); *Mason v. Anderson*, 4:15-CV-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims"); *Wirsche v. Bank of Am., N.A.*, 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("These teachings have never worked in a court of law - not a single time") (citations omitted); *Vassar-E v. Louisiana*, No. 20-CV-090, 2020 WL 2520718, at *3 (E.D. La. May 18, 2020) ("[i]t appears that Plaintiff is like many other 'Moorish Americans' who attempt to escape the laws of this country"). Therefore, even if his claims were timely and exhausted, the claims are frivolous.

III. Conclusion

Because Chargois-El's claims are untimely and unexhausted, IT IS RECOMMENDED that the Petition (ECF No. 6) be DENIED and DISMISSED WITH PREJUDICE.

4

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, October 31, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5